UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KHAMPHIENE XAYAVONGSANE,

    Petitioner,

v.                                         CASE NO:  8:03-CV-2386-T-30MSS

TIMOTHY MINGO, Warden of E.C.I., and
ATTORNEY GENERAL, State of Florida,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the petition, Respondents' response (Dkt. #5) and Petitioner's reply (Dkt. #6).  Upon review, the Court determines that the petition must be denied because it fails to meet the requirements of 28 U.S.C. §2254(d) and (e).

### BACKGROUND

Petitioner was charged with the first degree murder of Tadsnee Seiburum in the Sixth Judicial Circuit in and for Pinellas County, Florida.  He was represented by two lawyers, assistant public defenders Barry Cobb and Kevin Beck.  The jury found the Petitioner guilty of the lesser included offense of second degree murder.

Petitioner filed a direct appeal of his conviction and sentence and the state filed a cross-appeal.  The Second District Court of Appeal of Florida filed a *per curiam* unwritten

opinion affirming Petitioner's judgment and sentence. Xayavongsane v. State, 801 So.2d 937 (Fla. 2d DCA 2001).

Petitioner then filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. In that motion, Petitioner raised the same five grounds for relief that he raises before this Court. The state court summarily denied all five grounds, but ruled that ground one was denied without prejudice. The state court's order stated as follows:

### GROUND ONE
### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to conduct a proper pretrial investigation and for failing to call Doctor Steven Levine as a witness at trial. Defendant states that Doctor Levine treated him at St. Anthony's Hospital for gunshot wounds and could have testified that the wounds appeared to be from two different weapons. Defendant argues that the outcome of his trial would have been different if counsel had called Doctor Levine to testify. This claim, however, is facially insufficient. Defendant makes a general statement that the outcome would have been different but he fails to show how the alleged omission prejudiced the outcome of the trial. This claim is denied.

### GROUND TWO
### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to challenge prospective jurors Lois Vision, Ronald Thompson and Patricia Daniels either for cause or with peremptory challenges, after learning that they read about the case in the newspaper. Additionally, Defendant argues that counsel was ineffective for failing to challenge prospective juror Lolita Cole after she had admitted forming an opinion immediately after hearing the charges. Defendant, however, fails to demonstrate how he was prejudiced. The Court individually questioned witnesses [sic] who said they had read about the case. Neither, Lois Vision, Ronald Thompson nor Patricia Daniels, demonstrated any preconceived notions or bias. In fact, all three had very limited knowledge

about the case. *See Exhibit A: Excerpt from Trial Transcript (pp. 137-143, 151-152, 258).* Likewise, Defendant fails to demonstrate how he was prejudiced by the inclusion of Lolita Cole on the jury. Ms. Cole stated she would need sufficient proof before she could find Defendant guilty. *See Exhibit A (pp. 259-260).* Defendant has failed to demonstrate that the aforementioned jurors were so biased that they were unqualified to serve on the jury and counsel cannot be said to have been ineffective for failing to challenge them. See Jenkins v. State, 2002 WL 1906146 (Fla. App. 4 Dist.) This claim is denied.

## GROUND THREE
### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for waiving his right to a pre-sentence investigation before sentencing. Defendant, however, fails to demonstrate how he was prejudiced by the alleged omissions. See Washington v. State, 397 So. 2d 285 (Fla. 1981). This claim is denied.

## GROUND FOUR
### Ineffective Assistance of Counsel

Defendant alleged that counsel was ineffective for advising him not to testify. Defendant states that he wanted to testify but did not based on counsel's advice. Defendant does not state a sufficient claim for relief under this ground. Defendant chose not to testify based on counsel's advice and now he second-guesses his decision. The Court specifically asked Defendant if he was voluntarily giving up his right to testify and defendant responded affirmatively. *See Exhibit A (pp. 1048-1049).* This claim is denied.

## GROUND FIVE
### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to object when the Court allowed jurors to go home during deliberations. Defendant, however, fails to demonstrate how he was prejudiced. See State v. Lara, 581 So. 2d 1288 (Fla. 1991). This claim is denied.

Order denying Defendant's motion for post-conviction relief.

Petitioner appealed the state court's order denying relief and, once again, the Second District Court of Appeal affirmed in an unwritten *per curiam* opinion. Xayavongsane v. State, 843 So.2d 276 (Fla. 2d DCA 2003).

While the 3.850 motion was pending before the state court, Petitioner filed a petition for writ of habeas corpus in the state appellate court alleging ineffective assistance of appellate counsel. The Second District Court of Appeal denied that petition and the motion for rehearing.

Respondents acknowledge that the petition before this Court was timely filed.

## SECTION 2254 THRESHOLD

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subjected to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. §2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1)   was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2)   was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

In Williams v. Taylor, 529 U.S. 362, the Supreme Court held:

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Additionally, federal habeas relief is available under the "unreasonable application" standard only if the state court's application of clearly established federal law was "objectively unreasonable." Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001).

In a proceeding under the second standard (an unreasonable determination of the facts), a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1). This statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994).

Here, Petitioner raises the same five grounds for relief, all ineffective assistance of counsel claims, that he raised in his state Rule 3.850 motion. According to clearly established federal law enunciated by the United States Supreme Court, to establish a *prima facie* claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Strickland, 466 U.S. at 688. Prejudice results when there is "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. Both prongs (deficient performance and prejudice) must be shown before a petitioner is entitled to habeas relief. The Eleventh Circuit has held that when applying <u>Strickland</u>, a federal district court may dispose of ineffectiveness claims on either of the two prongs without the necessity of discussing the other. <u>Oats v. Singletary</u>, 141 F.3d 1018 (11th Cir. 1998).

## **EVIDENTIARY HEARING**

When the petition concerns state court proceedings, the factual basis necessary to support a claim for habeas relief in this Court must be developed in the record of state court proceedings, except under very limited circumstances. <u>See</u> <u>Breard v. Greene</u>, 523 U.S. 371, 376 (1998). The provisions of the AEDPA governing evidentiary hearings in federal habeas corpus cases are found at 28 U.S.C. §2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> A.   the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> B.   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Consistent with the AEDPA goal of streamlining the habeas process, this provision "expressly limits the extent to which hearings are permissible, not merely the extent to which

they are required." Kelley v. Sec., Dep't of Corr., 377 F.3d 1317, 1337 (11th Cir. 2004), *cert. denied*, ___ U.S. ___, 125 S.Ct. 2962 (Jun. 27, 2005).

Even if a petitioner convinces the district court that he diligently sought to develop the factual basis of a claim for habeas relief but was denied the opportunity to do so by the state court, the petitioner must still persuade the district court that the facts supporting the claims for which the evidentiary hearing is requested "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found [the petitioner] guilty of the underlying offense." 28 U.S.C. §2254(e)(2)(B).

Petitioner does not meet either of the exceptions in 28 U.S.C. §2254(e)(2). Therefore, he is not entitled to an evidentiary hearing in this Court. All facts relevant to his claim must be taken, to the extent they exist, from the state court record.

## DISCUSSION

The state court, in Petitioner's 3.850 motion, properly applied the Strickland standard and determined that Petitioner failed to meet the prejudice prong. That decision was affirmed by the state appellate court without written opinion. The Eleventh Circuit has held that even decisions without written opinion are entitled to the same deference as if the appellate court had entered written findings to support its decision. Wright v. Sec. of Dept. of Corr., 278 F.3d 1245 (11th Cir. 2002). This Court has reviewed the state courts' decisions and determines that they are not contrary to established federal law.

The Court will now briefly address each of Petitioner's claims.

### Claim One

**Trial counsel were ineffective for failing to investigate his medical treatment by Dr. Levine and for failing to call Dr. Levine as a witness.**

In support of claim one, Petitioner argues that Dr. Levine, following the incident in question, treated him at the hospital for two gunshot wounds and concluded that Petitioner had been shot by two different caliber handguns. Petitioner then makes the conclusory statement: "(t)he outcome of (my) trial would have been different had (my) trial counsel conducted the proper pretrial investigation and called Dr. Levine for a witness to testify at trial." (Petition, page 5-B, Dkt. #1). Conclusory statements are facially insufficient to show prejudice. There is no showing how this alleged omission prejudiced the outcome of the trial. Since there is no showing that the result would be any different, the state court's denial of this claim was reasonable under the <u>Strickland</u> standard and claim one must be denied here.

### Claim Two

**Trial counsel were ineffective because they failed to strike, either for cause or with peremptory challenges, four prospective jurors, three who admitted that they had read about the case prior to trial, and one who said she began forming opinions when the charges were read. One of the three jurors who had read about the case also acknowledged that she was a friend of one of the state's witnesses, Henry Brommelsick of the Pinellas County Sheriff's office.**

In support of this claim, Petitioner argues that his "trial counsel knew or should have known that no matter what these jurors said about being able to be fair and impartial, that there was no way for a would-be juror to be fair and impartial and sit on a murder case that they had heard about through pretrial publicity and render a fair and impartial verdict."

Apparently, Petitioner misunderstands federal law on this issue. It is well established that jurors need not "be totally ignorant of the facts and issues involved" in a case. Irvin v. Dowd, 366 U.S. 717, 722 (1961). Rather, "[i]t is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." Irvin, 366 U.S. at 723. During *voir dire*, all four prospective jurors were questioned in this regard, and stated they could set aside any pre-conceived notions they had from having read accounts of this incident or from hearing the charges, and base their verdict solely on the evidence presented. (Trial transcript, pages 137-143, 151-152, 258-260).

A conclusory statement that the jurors were biased is insufficient. To maintain a claim that a biased juror prejudiced him, a petitioner must show that the juror was actually biased against him. See Smith v. Phillips, 455 U.S. 209 (1982). Alleged bias or implied bias is not sufficient. A petitioner must show actual bias. Goeders v. Hundley, 59 F.3d 73 (8th Cir. 1995). This Court is required to give great deference to the determination of state courts that jurors are not biased. "In habeas proceedings, the determination by the trial judge that jurors are qualified is subject to a presumption of correctness." Snell v. Lockhart, 14 F.3d 1289, 1294 (8th Cir. 1994) *cert. denied.*, 513 U.S. 960 (1994).

Having failed to demonstrate that trial counsel were ineffective, claim two must be denied.

## Claim Three

**Trial counsel were ineffective for waiving Petitioner's right to a presentence investigation before sentencing.**

Petitioner alleges that he waived the preparation of a presentence report based on the "mis-advice" of his trial counsel that he would "get him a sentence of twenty years imprisonment or not exceeding twenty seven years." (Petition, page 8-E, Dkt. #1). But Petitioner makes no assertion, much less a showing, that the trial judge would have given any different sentence than was actually given (34.16 years) had a presentence report been prepared. Therefore, there is no showing of prejudice under the <u>Strickland</u> standard and claim three must be denied.

## Claim Four

**Trial counsel were ineffective for advising Defendant not to testify.**

In support of claim four, Petitioner argues that his "trial counsel told him that he did not want him to testify because the state would make him look bad on the stand. . . . Petitioner submits that, but for his trial counsel's advice, he would have testified as to the actual events that led to the victim (Tadsnee) and him being shot on the night in question, and that his testimony would have informed the jury of undisclosed facts that would have established reasonable doubt." (Petition, page 9-A, Dkt. #1). Other than Petitioner's own conclusory statements, there is no showing of actual prejudice. Petitioner does not even disclose what the so-called "undisclosed facts" were that he now claims "would have

established reasonable doubt."  Claim four is facially insufficient to establish prejudice and therefore must be denied.

### Claim Five

**Trial counsel were ineffective for failing to object to the trial court's allowing the jurors to go home during deliberations.**

Petitioner makes the conclusory statement that "[t]he outcome of the entire proceeding would have been different, but for Defendant's trial counsel's failure." (Petition, page 9-D, Dkt. #1).  There is no assertion in his supporting argument concerning how the proceeding would have been different had the jurors been sequestered.  There is no factual showing at all.

First, it should be noted that this claim is contrary to the facts demonstrated by the record.  Defense counsel did object to separation of the jury, but the court overruled the objection.  (See trial transcript, pages 1199-1201).  And, prior to allowing the jurors to go home for the night, the court admonished them not to discuss the case with anyone, watch television, or read the newspaper.  (See trial transcript, page 1206).  Federal law permits jurors to separate overnight after they have begun their deliberations where the court gives instructions to avoid seeing or hearing anything about the case.  Tyler v. United States, 397 F.2d 565 (5th Cir. 1968), *cert. denied*, 394 U.S. 917 (1969).

Because Petitioner has failed to show deficient performance or prejudice, claim five must be denied.

## **CONCLUSION**

For the reasons set forth above, all of Petitioner's claims are without merit and will therefore be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on February 16, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel/Parties of Record

*F:\Docs\2003\03-cv-2386.habeas order.wpd*